UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN TAFT,

                            Plaintiff,

v.                                              9:17-CV-0346
                                                       (GTS/CFH)

RUSSELL A. FRICKE, Med. Unit Dir., Rensselaer Cty.
Jail, a/k/a Russell A. Frecke; and JOHN/JANE DOES,
Unknown Med. Staff at Rensselaer Cty. Jail,

                            Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

SHAWN TAFT, No. 21892-052
  Plaintiff, *Pro Se*
Coleman Low Federal Correctional Institution
P.O. Box 1031
Coleman, Florida 33521

THUILLEZ, FORD, GOLD, BUTLER & MONROE, LLP       DAISY F. PAGLIA, ESQ.
  Counsel for Defendant Fricke
20 Corporate Woods Boulevard, 3rd Floor
Albany, New York 12211

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Shawn Taft ("Plaintiff") against Russell A. Fricke, a medical unit director at Rensselaer County Jail ("Defendant Fricke") and an unspecified number of medical staff members at the Jail ("the John/Jane Doe Defendants") pursuant to 42 U.S.C. § 1983, is United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Defendant Fricke's motion for summary judgment be granted and that Plaintiff's Complaint be dismissed in its entirety.

(Dkt. No. 76.) The parties have not filed objections, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed in its entirety.

I. RELEVANT BACKGROUND

    A. **Magistrate Judge Hummel's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Hummel made the following three findings of fact and conclusions of law: (1) that Plaintiff's submission entitled "Motion for Summary Judgment" (Dkt. No. 62) be construed not as a cross-motion for summary judgment but simply as an opposition to Defendant's motion for summary judgment because (a) Plaintiff has not met the requirements of a cross-motion for summary judgment (particularly, the requirement that a summary judgment movant file a statement of undisputed material facts), and (b) any such motion for summary judgment was filed two months after the dispositive-motion filing deadline; (2) that the Court should dismiss Plaintiff's sole claim against Defendant Fricke (for deliberate indifference to Plaintiff's serious medical needs under the Fourteenth Amendment) because he has failed to adduced admissible record evidence from which a rational fact-finder could conclude (a) that he was actually deprived of adequate medical care (for his diabetes, high blood pressure, vision problems, bowel obstruction, and "probable morbidity" and "organ failure") or that any such inadequacy was sufficiently serious (in that it caused him, or will likely cause him, harm), and (b) that Defendant Fricke acted, or failed to act, with a sufficiently culpable state of mind (i.e., that Defendant Fricke knew, or should have known, that the condition or conditions posed an excessive health risk to health or safety, which is something

more than negligence); and (3) that Plaintiff's claims against the John/Jane Doe Defendants be *sua sponte* dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) based on Plaintiff's failure to identify and serve those Defendants within the more than two years that this case has been pending, despite having been afforded multiple extensions of the discovery deadline and the deadline by which to determine those John/Jane Doe Defendants' identities. (Dkt. No. 76, at 15-32 & nn. 2, 3.)

B.  **Plaintiff's Lack of an Objection to the Report-Recommendation**

Plaintiff has not filed a timely Objection to the Report-Recommendation despite the fact that he was granted *two* extensions of the deadline by which to do so. The first such extension was for 30 days, despite the fact that he had received a copy of the Report-Recommendation at some point before he had been transferred from his prior facility (FCI Allenwood Medium), indicating that he could have started work on his Objections before he left his prior facility. (Dkt. No. 77, at 1-2 [referencing the Report-Recommendation and thus indicating that Plaintiff had learned of it by Aug. 4, 2019, when he was still at FCI Allenwood Medium, from which his letter had been sent].) The second such extension was for 13 days (i.e., until September 25, 2019, 13 days from the expiration of the prior deadline of September 12, 2013). (Text Orders filed 08/22/2019 and 09/18/2019.)

II. **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

3

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c)).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    ANALYSIS**

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein and Plaintiff's Complaint is dismissed in its entirety. To those reasons, the Court adds only two points.

First, although the Court bases its adoption of Magistrate Judge Hummel's first recommendation on his first reason (i.e., that Plaintiff failed to file a statement of undisputed material facts), it does not do so on his second reason (i.e., that any such competing motion was filed two months after the dispositive-motion filing deadline), because Local Rule 7.1 of the Court's Local Rules of Practice permits a party to file a cross-motion at the time it files its opposition to the original motion. N.D.N.Y. L.R. 7.1(g). The Court notes that the Declaration accompanying Plaintiff's submission (Dkt. No. 62, at 6-7) does not constitute a Statement of

---

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Undisputed Material Facts.[5]

Second, in addition to being based on Fed. R. Civ. P. 4(m), the Court's adoption of Magistrate Judge Hummel's third recommendation (i.e., that the Court *sua sponte* dismissal of Plaintiff's claims against the John/Doe Defendants without prejudice under Fed. R. Civ. P. 4[m]) is alternatively based on Fed. R. Civ. P. 41(b), after a careful weighing of the five factors set forth in *Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008).[6]

---

[5] *See Cusamano v. Sobek*, 604 F. Supp. 2d 416, 432 (N.D.N.Y. 2009) ("[Plaintiff's] . . . 40-page, 139-paragraph, single-spaced, handwritten document that attempted to serve as the following four things at the same time: (1) a partial Rule 7.1 Response (and counter-statement of facts); (2) a Rule 7.1 Statement of Material Facts (in support of Plaintiff's cross-motion for summary judgment); (3) a declaration; and (4) a document containing legal arguments (including ad hominem attacks on defense counsel). . . . Such a document is in flagrant violation of numerous local rules. As a result, the document in question was, and is, properly disregarded by the Court."); *Zimmerman v. Burge*, 06-CV-0176, 2008 WL 850677, at *14 n.64 (N.D.N.Y. Mar. 28, 2008) ("I note that Plaintiff's attachment of a (self-serving) affirmation at the end of his Rule 7.1 Statement, pursuant to 28 U.S.C. § 1746, is not sufficient to transform the factual assertions therein into factual assertions supported by record citations, as required by Local Rule 7.1. . . . As an initial matter, Local Rule 7.1 implicitly makes a distinction between a Statement of Material Facts and the record. . . . Moreover, such a verification cannot serve as admissible evidence in the event of trial because it fails to demonstrate how the affiant is competent to testify to the facts he or she alleges . . . . Finally, such a verification cannot transform several of Plaintiff's factual assertions into evidence since they are devoid of necessary specifics.") (internal quotation marks and citations omitted).

[6] More specifically, the Court finds that the duration of Plaintiff's failure is nearly eighteen months, having begun when the deadline for motions to amend expired on March 30, 2018. (Dkt. No. 15, at 5.) Generally, durations of such time are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months). Plaintiff clearly received adequate notice that the failure in question could result in dismissal of his action. (*See, e.g.,* Dkt. No. 9, at 4; Dkt. No. 15, at 5.) The prejudice posed to Defendants by Plaintiff's failure is exacerbated by the age of the case and number of events giving rise to Plaintiff's claims. Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred from, the Jail), and the preservation of evidence. *See Geordiadis*,

ACCORDINGLY, it is

ORDERED that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 76) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Defendant Fricke's motion for summary judgment (Dkt. No. 47) is **GRANTED**; and it is further

ORDERED that Plaintiff's claims against Defendant Fricke are **DISMISSED with prejudice**; and it is further

ORDERED that Plaintiff's claims against the John/Jane Doe Defendants are *sua sponte* **DISMISSED without prejudice** for failure to identify and serve pursuant to Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b).

Dated: September 30, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard on this matter. Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances.